1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

A.B., in her capacity as an individual and as parent and guardian of minor student A.C.,

Plaintiffs,

vs.

SEATTLE SCHOOL DISTRICT,

Defendant

Case No.: 2:20-cv-00389

**COMPLAINT**

JURY REQUESTED

## INTRODUCTION

Sextortion is the practice of extorting money or sexual favors from someone by threatening to reveal evidence of their sexual activity. According to the U.S. Department of Justice's April 2016 Report to Congress on the National Strategy for Child Exploitation Prevention and Interdiction, sextortion offenders typically threaten minors ages 10-17. And sextortion cases tend to have more minor victims per offender than all other child sexual exploitation offenses. The minor plaintiff in this case was a 12-year old child when she was sextorted. School staff, who had the duty to protect her, turned a blind eye to the sextortion and provided her with no support or assistance, depriving her of access to her education.

## I.    PARTIES

1.1    Plaintiff A.B. is the parent of minor A.C.

1.2    A.C. was a student in the Seattle School District (SPS or District) during

COMPLAINT
PAGE 1 OF 10

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com




1  the time the events alleged in this Complaint occurred.

2       1.3    A.C. is female.

3       1.4    A.C. is African American.

4       1.5    A.C. is student with a disability, as defined by the Americans with

5  Disabilities Act, 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act of

6  1973.

7       1.6    A.B. and A.C. resided in the city of Seattle, in King County, Washington

8  during the relevant timeframe of this lawsuit.

9       1.7    Defendant Seattle School District is a public school district located in King

10  County, Washington.

11           **II.    JURISDICTION AND VENUE**

12       2.1    This Court has jurisdiction of all civil actions arising under the Constitution,

13  laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, including any civil

14  action to redress the deprivation of any right, privilege, or immunity secured by the

15  Constitution, laws, or treaties caused under the color of state law, statute, ordinance,

16  regulation, custom, or usage pursuant to 28 U.S.C. § 1343.

17       2.2    This case arises under federal laws and this Court therefore has jurisdiction.

18       2.3    Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction

19  over the state law claims asserted in this Complaint because they are part of the same case

20  or controversy.

21       2.4    A civil action may be brought in a judicial district in which a substantial part

22  of the events or omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391.

23       2.5    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all of

24  the incidents complained of in this Complaint occurred in the city of Seattle, in King

25  County, Washington.

26

27

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com



### III.   FACTUAL ALLEGATIONS

3.1    The District has a policy prohibiting harassment, intimidation, and bullying.

3.2    The District has a procedure that, among other things, requires staff to intervene when witnessing or receiving reports of harassment, to record all reports of severe or persistent harassment, intimidation, or bullying, and to investigate the reported harassment, intimidation, and bullying.

3.3    The District has a policy prohibiting discrimination, including sexual harassment.

3.4    The District has a procedure that states that complaints of sexual harassment will be investigated by the District's Title IX coordinator and the school's compliance official, who are also required to "take steps to protect the complainant from sexual harassment, retaliation, and ensure his or her safety as necessary… including taking interim steps before the final outcome of an investigation."

3.5    The District has a nondiscrimination policy.

3.6    The District also has a procedure that guarantees that a designated investigator would investigate allegations and complaints of discrimination and effect a prompt resolution of the complaint.

3.7    The District has a duty to train staff on policies and procedures pertaining to bullying, harassment, and discrimination on an annual basis.

3.8    District employees who were responsible for educating, monitoring, and watching over A.C. were not trained in these policies and procedures.

3.9    Staff who were responsible for supervising other employees and ensuring compliance with these policies and procedures failed to supervise and ensure such compliance.

3.10    At all material times, the District and its employees acted under color of law.

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com

COUNTERMARK LAW pllc

3.11  At all material times, the acts or omissions of the District's employees were taken within the scope of their employment.

3.12  At all material times, the District's employees acted pursuant to the custom, policy or practice of the school.

3.13  A.C. was a student in the Seattle School District beginning in 2016.

3.14  A.C. has a documented history of depression, anxiety, and PTSD.

3.15  District staff knew that A.C. was a student with a disability.

3.16  During the 2016-2017 school year, A.C. was bullied by other students.

3.17  The bullying continued during the 2017-2018 school year.

3.18  A.B. requested educational accommodations for A.C. in October 2017.

3.19  Some of the boys in A.C.'s classes were harassing her and picking on her.

3.20  School staff knew about the harassment.

3.21  None of the school employees reported the harassment to the harassment, intimidation, and bullying coordinator or to the Title IX or nondiscrimination coordinator.

3.22  A.C. displayed school refusal and skipped classes out of anxiety.

3.23  After school staff failed to intervene in the harassment and bullying, the students' conduct escalated to physical assaults.

3.24  In or around February 2018, the District implemented a student support plan pursuant to Section 504 to support A.C.'s disabilities.

3.25  District's staff did not accommodate A.C.'s disabilities or take further action to address her school avoidance.

3.26  During the week of May 14, 2018, a male student attempted to sextort A.C.

3.27  The student told A.C. that he would tell everyone that she slept with him unless she had sexual intercourse with him.

3.28  A.C. refused, so the student told A.C.'s friends that they had sex.

3.29  As a result of this sextortion and sexual harassment, A.C. began suffering

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com



1   suicidal ideation.

2         3.30    On May 19, 2018, A.C. was admitted to the Psychiatry and Behavioral

3   Medicine Unit of the Seattle Children's Hospital.

4         3.31    A.B. notified the school of the incident and A.C.'s hospitalization.

5         3.32    A.B. asked the school to accommodate A.C.'s absence from school by

6   providing her with work – either through home-schooling or other options that would not

7   require her daughter to physically attend school.

8         3.33    Washington Middle School principal Susan Folmer responded to A.B.'s

9   request, saying: "We cannot ask teachers to provide work for that length of time."

10        3.34    The sextortion and hospitalization was reported to the District's Title IX

11  coordinator.

12        3.35    There was no investigation.

13        3.36    There were no steps taken to protect A.C. from further sexual harassment,

14  retaliation, or ensure her safety.

15        3.37    For A.C., there was no prompt resolution of the complaint.

16        3.38    Due to the lack of any supports, assurances of safety, or protection from

17  further sexual harassment, A.C. never returned to Washington Middle School.

18        3.39    As a result of the impact of the sextortion and the school's indifference to

19  it, A.B.'s life was impacted.

20        3.40    A.B. had to take some time off of work, her social networks were lost, and

21  she was unable to engage in the activities of daily living due to her need to care for and

22  monitor her daughter's mental health.

23        3.41    The sextortion and the District's indifference to the sextortion damaged

24  A.B. and A.C.'s relationship.

25        3.42    Frustrated with the lack of support from the District, A.B. had to move her

26  daughter out of the District.

27

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com

COUNTERMARK LAW pllc

# IV.   CAUSES OF ACTION

4.1   Plaintiffs repeat and reallege paragraphs 1.1 through 3.42 as if fully set forth herein.

4.2   Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of the following substantive rights guaranteed her under the Constitution and federal laws.

## A. FIRST CAUSE OF ACTION: DISABILITY-BASED DISCRIMINATION PURSUANT TO THE AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT

4.3   Plaintiffs repeat and reallege paragraphs 1.1 through 4.2 as if fully set forth herein.

4.4   A.C. has a disability.

4.5   Despite her requests for accommodations to access her education, the District employees deprived her of those accommodations by failing to promptly offer those accommodations and by failing to implement those accommodations even after offering them.

4.6   By knowingly failing to accommodate A.C.'s disabilities, the District was deliberately indifferent to her needs.

4.7   As a result of the District's knowing failure to accommodate A.C.'s disabilities, she was deprived of the access to her education that her non-disabled peers had.

## B. SECOND CAUSE OF ACTION: DISCRIMINATION BASED ON GENDER PURSUANT TO TITLE IX OF THE EDUCATIONAL AMENDMENTS

4.8   Plaintiffs repeat and reallege paragraphs 1.1 through 4.7 as if fully set forth herein.

4.9   The District had a duty to investigate allegations of sexual or gender-based harassment, to stop the harassment, and to remediate its effects.

4.10   Sextortion is a form of sexual harassment and gender-based harassment.

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com

COUNTERMARK LAW pllc

4.11   School officials with the authority to take corrective action had notice of the sexual- and gender-based harassment and were deliberately indifferent to the harassment.

4.12   By failing to take actions that were required by its policies and procedures and reasonably calculated to prevent further harassment or remedy the effects of the harassment, the District was deliberately indifferent to the harassment.

4.13   As a result of the District's deliberate indifference to sex and gender hostility, A.C. was deprived of the educational opportunities.

## C. THIRD CAUSE OF ACTION: WASHINGTON LAW AGAINST DISCRIMINATION

4.14   Plaintiffs repeat and reallege paragraphs 1.1 through 4.13 as if fully set forth herein

4.15   The Washington Law Against Discrimination prohibits discrimination based on against individuals with "any sensory, mental, or physical disability," and preserves "[t]he right to be free from discrimination." RCW 49.60.030(1).

4.16   "The right to be free from discrimination" includes "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement." *Id*.; *accord* RCW 49.60.215.

4.17   A.C. is an individual with a disability under RCW 49.60 et seq.

4.18   Public schools are a place of public accommodation. RCW 49.60.040(2).

4.19   By failing to promptly offer accommodations to a student with a known disability and then failing to implement those accommodations, the District deprived A.C. of the "accommodations, advantages, facilities, or privileges of [a] place of public resort, accommodation, assemblage, or amusement," in violation of RCW 49.60.030(1)(b).

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com



## D. FOURTH CAUSE OF ACTION: DISCRIMINATION ON THE BASIS OF GENDER IN SCHOOLS IN VIOLATION OF CHAPTER 28A.640 RCW

4.20    Plaintiffs repeat and reallege paragraphs 1.1 through 4.19 as if fully set forth herein.

4.21    State statute prohibits Washington public schools from discriminating on the basis of gender pursuant to RCW 28A.640.010.

4.22    Gender discrimination may include sexual harassment or verbal conduct of a sexual nature that has the purpose or effect of substantially interfering with a student's education or of creating an intimidating, hostile, or offensive educational environment pursuant to RCW 28A.640.020(f)(iii).

4.23    RCW 28A.640.040 creates an individual right of action to enforce these rights.

4.24    A.C. is a female student who has suffered discrimination by a public school in this state.

4.25    The District's failure to adequately respond to severe and pervasive sexual and gender-based harassment, intimidation, and bullying constitutes unlawful discrimination against A.C. on the basis of her gender.

4.26    As a result of the District's failure to respond to the sexual and gender-based harassment that interfered with A.C.'s education, she was subject to an intimidating, hostile, and educational environment and suffered damages as a result.

## E. FIFTH CAUSE OF ACTION: NEGLIGENCE

4.27    Plaintiffs repeat and reallege paragraphs 1.1 through 4.26 as if fully set forth herein.

4.28    The District owed Plaintiffs numerous duties. Defendant's duties include, but are not limited to: (1) the duty to protect students in its custody from foreseeable harm; (2) the duty to anticipate harm which may reasonably be anticipated and to then take precautions to protect students in its custody from such harm; (3) the duty to protect

1425 Broadway # 409, Seattle, WA 98122

206.227.0635 phone | 206.202.4288 fax

jinju@countermarklaw.com



students in its custody from harassment, including sexual harassment, intimidation, and/or bullying; (4) the duty to adequately supervise and/or control students so as to protect its students from harassment, including sexual harassment, intimidation, and/or bullying; (5) the duty to respond appropriately once aware that its students are being subject to such acts of harassment, including sexual harassment, intimidation, and/or bullying; (6) the duty to protect its students' ability to maintain a healthy educational environment; (7) the duty to properly administer any purported existing bullying, harassment, and discrimination policy; (8) the duty to properly ensure its employees are properly trained to perform their duties; and (9) the duty to hire, manage, and/or retain employees who are fit to perform their duties.

4.29    The District negligently breached each of the above duties.

4.30    As a direct and proximate result of its breaches of duty, Plaintiffs suffered damages set forth herein in an amount to be proven at trial.

## F. SIXTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4.31    Plaintiffs repeat and reallege paragraphs 1.1 through 4.30 as if fully set forth herein

4.32    Defendants owed Plaintiffs a duty of care, including those set forth in paragraph 4.28, above.

4.33    The Defendants breached these duties.

4.34    In breaching its duties to the Plaintiffs, the District negligently inflicted emotional distress upon the Plaintiffs, directly and proximately causing Plaintiffs to suffer the damages set forth herein in an amount to be proven at trial.

## G. EIGHTH CAUSE OF ACTION: LOSS OF CONSORTIUM

4.35    Plaintiffs repeat and reallege paragraphs 1.1 through 4.34 as if fully set forth herein.

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com

COUNTERMARK LAW pllc

4.36    Plaintiff A.B. is the parent of A.C. and has supported her since birth.

4.37    As a direct and proximate result of the Defendant's tortious conduct, A.C. has suffered a loss of consortium with her daughter, resulting in general and special damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiffs request the following relief as follows:

A.      Declaration from the court finding that the District violated A.C.'s rights;

B.      An award of general and special damages in amounts to be proved at the time of trial;

C.      An award of costs and attorney's fees; and

D.      Other and further relief as the Court may deem just and equitable.

Dated this 11th day of March, 2020.

_____
COUNTERMARK LAW PLLC
Jinju Park, WSBA No. 48995
Attorney for Plaintiffs A.B. and A.C.

1425 Broadway # 409, Seattle, WA 98122
206.227.0635 phone | 206.202.4288 fax
jinju@countermarklaw.com

